(46 Misc. Rep. 111)

### ENGEL–HELLER CO. v. DINEEN.

(Supreme Court, Appellate Term. December 23, 1904.)

1. MUNICIPAL COURT—APPEALS—WEIGHT OF EVIDENCE—REVIEW—MOTION TO
   DISMISS.
       Failure of defendant to move, at the trial in the Municipal Court, for a
   dismissal of the complaint at the close of the entire case, did not con-
   stitute such a concession that there was a question of fact for the de-
   termination of the justice as precluded him, on appeal, from a reversal
   on the ground that the verdict was against the weight of evidence.

2. SALES—IDENTITY OF PURCHASER—AGENTS—AUTHORITY.
       In an action for goods sold and delivered, evidence *held* sufficient
   to sustain a finding that the goods were sold to defendant's authorized
   agent on defendant's account.
       MacLean, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Fourth
District.

Action by the Engel-Heller Company against William Dineen.
From a Municipal Court judgment in favor of plaintiff, defendant
appeals. Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and
MacLEAN, JJ.

W. G. McCrea, for appellant.
Steuer & Hoffman, for respondent.

GILDERSLEEVE, J. This action is for goods sold and deliv-
ered. The answer is a general denial, and it is the contention of
the defendant that the goods in question were sold to one Dennis
Mullins for his account, and were never ordered by or delivered
to defendant. The justice gave judgment for plaintiff. Defendant
appeals.

It appears that formerly Mullins was agent for the defendant,
and bought goods for the latter's liquor saloon at 83 Market street.
Subsequently Mullins set up on his own account, as defendant
claims, and opened saloons at 240 South street, at Eighty-Eighth

street and Second avenue, and 120 Monroe street, Brooklyn. It was at the three last-named places that the goods in question were delivered. Engel, on behalf of plaintiff, admits that he had never seen defendant during the time of the sale and delivery of the goods, and that the goods had been ordered by Mullins. He says further, on cross-examination, that the sales were made not by himself, but by his salesman, who was not called as a witness. His collector, Bauman, appears to have dealt in the matter only with Mullins. The defendant swears positively that he had no interest in the three places at which the goods were delivered, and never ordered the same. Mullins swears that he ordered the goods on his own account. Cosgrove, the barkeeper in the Eighty-Eighth street place and in the South street place, swears he was employed by Mullins, and had never seen the defendant in either of said places. Furthermore, a lease of the Eighty-Eighth street place in the name of Mullins is put in evidence. To offset this testimony tending to show that Mullins, and not defendant, was responsible for the goods, we have the conceded fact that at one time Mullins had a power of attorney from defendant to buy for him, and did so buy goods and carry on business for the defendant, who was the brother-in-law of said Mullins. The latter had had financial difficulties, and it is the claim of plaintiff that Mullins carried on the business in the name of his brother-in-law, and that the latter held himself out as owner and became responsible for goods delivered upon the order of Mullins. After the delivery of the goods, the defendant notified plaintiff that he had revoked his power of attorney to Mullins. The defendant at first tried to deny that he had signed the letter in question, but it was admitted in evidence on consent of counsel. The plaintiff's representative, Engel, swears that, after the delivery of the goods, defendant called at plaintiff's place of business and asked to see his account; that Engel brought him a memorandum of his account, amounting to $432.63, the amount here sued for; and that defendant said, "Well, that is not much; it is all right." This is denied by defendant, but the justice was at liberty to believe plaintiff's witnesses. Defendant claimed that the power of attorney related only to his place at 83 Market street, and that he had nothing to do with the other places at which the goods were delivered. The power of attorney itself was not introduced in evidence. The plaintiff was given to understand that Mullins had authority to act for defendant in the purchase of goods, and was not notified of any restrictions in this authority, and after the sale and delivery defendant said it was "all right."

This appeal is based wholly on the ground that the verdict is against the evidence. No motion was made at the close of the entire case for a dismissal of the complaint, and respondent urges that defendant, therefore, conceded that there was a question of fact for the determination of the justice. The rule, however, obtaining in courts of record, that the defendant, by failing to move to dismiss, conceded that there is a question of fact, is not strictly enforced in appeals from the Municipal Court, and the Supreme

Court would not regard such omission as an obstacle to a reversal, were the judgment clearly against the weight of evidence. In the case at bar, however, there appears to be sufficient testimony to sustain the conclusion reached by the learned court below.

Judgment affirmed, with costs.

FREEDMAN, P. J., concurs.

MacLEAN, J. (dissenting). It is not plain to one that the existence of a power of attorney (lodged with a bank, and never seen by the plaintiff's people) authorizing the defendant's employé to sign checks and indorse checks for deposit.misled the plaintiff, nor that notice of the revocation of such power affected prior sales, nor that employment to conduct one liquor place held a man out as authorized to buy as for another in New York and another in Brooklyn, nor that a remark, if made, on presentation of a bill, "Well, that is not much; it is all right," created an estoppel.